# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6172 PA (RCx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | Oscar Munoz v. Central Parking Sys., Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before this Court Notice of Removal filed by defendant Central Parking System, Inc. ("Defendant") on August 18, 2010. (Docket No. 1.) Defendant asserts that jurisdiction exists based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  Although CAFA removed many obstacles to bringing a class action in federal court the burden of establishing that jurisdiction exists still remains on a removing defendant.  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

  Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2).  "[W]here the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).  A court may not base its jurisdiction on speculation and conjecture.  Id. at 1002.  Rather, the removing defendant must submit "summary-judgment-type" evidence to support its claims of the amount in controversy. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

  Plaintiff Oscar Munoz ("Plaintiff") has filed this lawsuit as a class action on behalf of all employees who worked for Defendant in California during the four years prior to the filing of the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-6172 PA (RCx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | Oscar Munoz v. Central Parking Sys., Inc. | | |

Complaint. The Complaint alleges that Defendant violated various provisions of the California Labor Code and seeks damages and penalties.[1/] Plaintiff's Complaint states, "[i]t is believed that the total sum owed to the Class alleged herein is less than $5 million, based upon the anticipated size of the Class and the amount in controversy for each member of the Class." (Compl. ¶ 1.) As Defendant acknowledges, this means it has the burden to prove to a legal certainty that the amount in controversy is greater than $5,000,000. Lowdermilk, 479 F.3d at 1000.

To support its Notice of Removal Defendant submits the declaration of Hulion Jacks, an employee whose daily responsibilities include reviewing the Defendant's payroll system. Jacks states that Defendant has employed 4,698 hourly non-exempt employees in California during the four-year period alleged in the Complaint. Jacks calculates that approximately 44% of the employees in any given year worked the entire year. To account for the fact that not all employees worked during the entire period Defendant makes it calculations using 30% of the employees. Jacks also states that the average hourly wage for all hourly non-exempt employees was $11.47.

In calculating the amount in controversy Defendant relies on several unsupported assumptions. For instance, in calculating the amount on Plaintiff's claim for failure to provide accurate itemized wage statements Defendant arbitrarily assumes that a class member will be entitled to $2,550 in penalties, even though there is no evidence showing how many times class members failed to receive such statements.[2/] Additionally, in calculating the amount on Plaintiff's overtime, minimum wage, and missed meal period claims Defendant assumes that a class member worked one overtime hour per week, was not paid minimum wage one time per week, and missed one meal period per week. Similarly, Defendant's calculation on Plaintiff's claim for failure to report time pay assumes that Defendant failed to report two hours for a class member per year. Not only does Defendant fail to provide any evidentiary support for these assumptions, but Defendant's calculations are also doubtful because they were made using the average hourly wage for all employees, when the real amount in controversy could be much lower depending on which employees were experiencing violations and their actual hourly wage.

---

[1/]    Specifically, Plaintiff brings the following causes of action: (1) failure to pay minimum wage under California Labor Code § 1194; (2) failure to pay overtime under California Labor Code §§ 510, 515.5, 1194, and 1198; (3) failure to provide meal breaks under California Labor Code §§ 226.7 and 512(a); (4) failure to report time pay under California Wage Order § 5; (5) failure to provide an accurate itemized wage statement under California Labor Code § 226(a); and (6) violation of California Business & Professions Code § 17200, et seq.

[2/]    The penalty for violations of California Labor Code § 226(a) is $50 for the first time an employer fails to provide a proper itemized wage statement, and then $100 for each subsequent violation, up to a maximum of $4,000. See Cal. Labor Code § 226(e).

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6172 PA (RCx) | Date | August 30, 2010 |
|---|---|---|---|

| Title | Oscar Munoz v. Central Parking Sys., Inc. | | |
|---|---|---|---|

      Defendant's assumptions about the extent of Defendant's violations and the number of times that the class members experienced a violation are not supported by any "summary-judgment-type" evidence.  Rather, Defendant's assumptions are the type of speculation and conjecture that are insufficient to show that the amount in controversy exceeds $5,000,000.  See Green v. Staples Contract & Commercial, Inc., No. CV08-7138 SVWJWJx, 2008 WL 5246051 at *4 (C.D. Cal. Dec. 10, 2008)(holding that the defendant had failed to show to a legal certainty that the amount in controversy was met where the defendant made its calculations using the average hourly wage and unsupported assumptions about how many times each class member missed a meal period).

      Finally, Defendant points out that the Court must also take attorneys' fees into account when determining the amount in controversy.  See Lowdermilk, 479 F.3d at 1000.  However, Defendant has not suggested what the fee might be, nor has it provided any evidence to suggest the appropriate amount of attorneys' fees.  In the absence of any evidence or argument as to what attorneys' fees should be, the Court refuses to speculate.

      Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC441087 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.